IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY RENEE ECKENRODE,            )
                                   )
            Plaintiff,             )
                                   )
      -vs-                         )          Civil Action No.   20-1037
                                   )
KILOLO KIJAKAZI,[1]                )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
            Defendant.             )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 19). After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am granting Plaintiff's Motion (ECF No. 14) and denying Defendant's Motion for Summary Judgment. (ECF No. 18).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application on August 30, 2017. Administrative Law Judge ("ALJ"), Tracey Henry, held a hearing on January 29, 2019. (ECF No. 12-2, pp. 37-86). On April 24, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-2, pp. 11-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

II.  **LEGAL ANALYSIS**

  A.  **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.   20 C.F.R. §404.1520(a).   The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.      Residual Functional Capacity (RFC)[2]

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 15, pp. 13-16).   Specifically, Plaintiff suggests that the ALJ erred in the following ways: 1) the ALJ mistakenly interpreted a clear to work opinion by her family doctor, Dr. Putnam; 2) the ALJ failed to discuss a functional capacity examination; and 3) the ALJ failed to properly consider her complaints of pain and her fibromyalgia pursuant to SSR 12-2p.   *Id.*   Based on the same, Plaintiff submits that remand is warranted.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).   In this case, the ALJ found Plaintiff had the RFC to perform sedentary work, with certain exceptions.   (ECF No. 12-2, p. 16).

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated.   20 C.F.R. §§404.1520c; 416.920c.   Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source."   *Id.* at §§404.1520c(a); 416.920c(a).   For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b).   In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive.   *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability[3] and consistency.[4]   *Id.* at §§404.1520c(a); 416.920c(a).   Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors.   *Id.* at §§404.1520c(b)(2); 416.920c(b)(2).   When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.   *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).

---

[3]With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."   *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4]With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.     *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).   Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.   *Id.* at §§404.1520c(d); 416.920c(d).

Plaintiff first argues the ALJ mistakenly interpreted a clear to work opinion by her family doctor, Dr. Putnam.   (ECF No. 15, pp. 13-14).   Plaintiff suggests that Dr. Putnam only cleared Plaintiff to continue to perform volunteer work, provided she did not lift over ten pounds, and that her volunteer work only amounted to a few hours of work per month and not full time work. *Id.* As a result, the Plaintiff argues the ALJ's reliance on the lifting restriction of ten pounds for full time sedentary work does not accurately reflect Dr. Putnam's opinion.   *Id.*   After a review of the record, I disagree.

With regard to Dr. Putnam, the ALJ stated as follows:

> On December 20, 2018, Suzanne Putnam, M.D., opined that the claimant should not do any lifting greater than 10 pounds (Exhibit 11F/3).   The undersigned finds Dr. Putnam's opinion is persuasive and consistent with sedentary work.   Dr. Putnam is the claimant's primary care provider and has documented the claimant's complaints of pain as well as findings of tenderness and limited range of motion in the cervical and lumbar spine on physical examinations (exhibits 5F; 9F; 11F). Furthermore, it is noted that Dr. Putnam does not limit the total time or day(s) that the claimant can work.

(ECF No. 12-2, p. 22).   Dr. Putnam's report states that Plaintiff does not feel as though she can return to work but does volunteer at fire department and Dr. Putnam gave Plaintiff a note "stating it is OK to fulfil these duties as long as [she] is not doing any lifting greater than 10 pounds." (ECF No. 12-7, pp. 152-155).   Despite Plaintiff's contention otherwise, Dr. Putnam does not place a limitation on the total time or number of days that Plaintiff can work.   *Id.*

Moreover, the ALJ explicitly noted that Plaintiff "volunteers at a fire department doing secretary work 3 times a month for 20 to 25 minutes, and is allowed to sit or walk at will." (ECF No. 12-2, p. 17). Thus, I find no merit to the notion that ALJ did not appreciate the parameters of her volunteer work or Dr. Putnam's opinion. Therefore, remand on this issue is not warranted.

Plaintiff next argues that the ALJ erred by failing to discuss a functional capacity examination ("FCE"). (ECF No. 15, p. 15). The FCE was performed by PT Jamie Chichy with Indiana Total Therapy at the request of Dr. Putnam on April 9, 2019. (ECF No. 12-8, pp. 77-81). It is noted on the List of Exhibits as part of the record. (ECF No. 12-2, p. 30). The ALJ never mentions the FCE in the opinion. As noted by Plaintiff, the FCE contains a restriction on reaching that the RFC does not.

An ALJ may reject portions of evidence, but he/she must provide detailed reasons for doing so. Additionally, while the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he/she must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

Given Plaintiff's fibromyalgia, the ALJ's failure to mention the FCE is troubling and prohibits me from conducting a proper and meaningful review.   Thus, I find remand is warranted. To be clear, I am not saying that the outcome will be different on remand.   That is a decision the ALJ must make in the first instance in accordance with the rules and regulations based on all of the evidence.[5]

An appropriate order shall follow.

---

[5]As I noted earlier, Plaintiff raises other challenges.   Since I am remanding as set forth above, I decline to address them as the case will be reviewed *de novo* on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY RENEE ECKENRODE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   20-1037 |
| | ) | |
| KILOLO KIJAKAZI,[6] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 29th day of July, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is granted and Defendant's Motion for Summary Judgment (ECF No. 18) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
United States Senior District Judge

---

[6] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

8